# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA MOBILE DIVISION

| | |
|---|---|
| **ROSHONDRA SMITH PAIGE,** ) | |
|     **PLAINTIFF,** ) | **CASE NO.:** |
| **V.** ) | |
| **HOSPITALITY VENTURES** ) | **PLAINTIFF DEMANDS TRIAL** |
| **MANAGEMENT - MOBILE HOS,** ) | **BY STRUCK JURY** |
| **LLC,** | |
|     **DEFENDANT(S).** ) | |

## COMPLAINT

**JURISDICTION**

1.  This action for injunctive relief and damages is brought under 28 U.S.C. §§ 1331, 1343(4), 2201, 2202, 29 U.S.C. § 2617(a)(2), The Family and Medical Leave Act ("FMLA"). The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights caused by the Defendant.

2.  This is a suit authorized and instituted under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., ("ADA").

3.  Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit A). Plaintiff further sued within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

## PARTIES

4. Plaintiff Roshondra Smith Paige ("Plaintiff" or "Paige") is a resident of Mobile County, Alabama and performed work for the Defendant in the counties composing of the Southern District during the events of this case. Thus, under 28 U.S.C. § 1391(b), venue for this action lies in the Southern District, Mobile Division.

5. Defendant Hospitality Ventures Management – Mobile Hos LLC ("Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama.

6. Defendant employed at least fifty (50) people for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. Defendant employed these fifty (50) employees within 75 miles of Plaintiff's worksite.

## FACTS

7. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

8. Plaintiff began working for the Defendant in June 2022 as a Front Desk Agent.

9. Plaintiff is a person with one or more disabilities that substantially limit her in one or more major life activities.

10. Specifically, Plaintiff has Type I Diabetes, Gastroparesis, and Neuropathy.

11. Plaintiff was able to perform the essential functions of her job.

12. Plaintiff worked more than 1250 hours in the year preceding the events that are outlined in this Complaint.

13. Defendant has more than 50 employees within a 75-mile radius of the then workplace.

14. In August 2023, Defendant promoted Plaintiff to Sales Coordinator.

15. On or about December 24, 2023, Plaintiff was diagnosed with COVID-19 and was unable to work for a week.

16. Plaintiff returned to work the following week.

17. Two weeks later, Plaintiff's blood sugar dropped quickly and significantly.

18. Plaintiff was placed in the ICU and released three days later.

19. Plaintiff returned to work the day after she was released.

20. Two weeks later, Plaintiff had another health issue concerning her diabetes.

21. Again, Plaintiff was placed in the ICU for another two days.

22. Plaintiff's doctor released her to work, and she reported to work the following day.

23. Plaintiff worked another three weeks without issue until another medical issue regarding her diabetes.

24. General Manager Samuel Davis ("Samuel") and Assistant Manager Crystal Davis "Crystal") asked to meet with Plaintiff.

25. During the meeting, Samuel told Plaintiff that because of her disabilities, he was reducing her hours.

26. Defendant did not engage in the interactive process before reducing Plaintiff's hours and cutting her pay.

27. Two days later, on or about March 15, 2024, Plaintiff became sick and told Samuel she would need the rest of the day off.

28. Samuel told Plaintiff it was okay, and he was out for surgery as well.

29. Plaintiff was not scheduled to work the following two days, so she would not miss any other days.

30. On or about March 15, 2024, Plaintiff went online to view her schedule when she learned Defendant terminated her.

31. Defendant did not give a reason for her termination.

32. Defendant did not give any notice of her rights under FMLA and did not direct her to apply.

33. Defendant replaced Plaintiff with a person who did not have a disability and would not need to utilize FMLA.

34. Before Plaintiff's termination, she had no discipline in the file.

## COUNT I – ADA FAILURE TO ACCOMMODATE

35. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

36. Plaintiff suffers from one or more physical impairments, including Type I Diabetes, Gastroparesis, and Neuropathy, which are physical impairments.

37. Plaintiff's impairments affect her such that the major life activities of caring for oneself, communicating, sleeping, absorbing essential nutrients, etc., are significantly restricted as compared to the average person in the general population.

38. Plaintiff required reasonable accommodation of leave for medical appointments.

39. Plaintiff requested that Defendant provide reasonable accommodation.

40. Plaintiff was able to perform the essential functions of her job with these accommodations.

41. The Defendant failed to engage in the interactive process required by the Americans with Disabilities Act even though Plaintiff was able to perform the essential functions of her job.

42. As a result of Defendant's violation of the ADA, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## COUNT II - ADA DISCRIMINATION - TERMINATION

43. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

44. Plaintiff suffers from physical impairments of Type I Diabetes, Gastroparesis, and Neuropathy.

45. Defendant knew Plaintiff's disability.

46. Plaintiff's impairments affect her such that the major life activities of caring for oneself, communicating, sleeping, absorbing essential nutrients, etc., are significantly restricted as compared to the average person in the general population.

47. Plaintiff was able to perform the essential functions of her job with or without accommodation for her disability.

48. At all times relevant to this complaint, Plaintiff performed the essential functions of her job duties in a satisfactory or better manner.

49. On March 15, 2024, Defendant terminated Plaintiff's employment.

50. There is no logical, medical, or other basis to believe that Plaintiff's disability would prevent Plaintiff from performing the essential functions of the job.

51. But for Plaintiff's disability, Defendant would have retained Plaintiff in her position.

52. Defendant violated the ADA by terminating the Plaintiff's employment because of her disability.

53. Because of Defendant's violation of the ADA, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

**COUNT III – ADA – RETALIATION**

54. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

55. Plaintiff was qualified for her position and able to perform the job's essential functions.

56. On or about March 15, 2024, Plaintiff engaged in protected activity when she requested an accommodation for her disability.

57. On or about March 15, 2024, Defendant terminated Plaintiff's employment.

58. But for Plaintiff's protected activity, Defendant would have retained Plaintiff in her position.

59. Defendant violated the ADA by terminating Plaintiff for engaging in protected activity.

60. Because of Defendant's violation of the ADA, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

**COUNT IV - FMLA INTERFERENCE**

61. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

62. During the 12-month period before March 15, 2024, Defendant employed Plaintiff for at least 1,250 hours of service.

63. Defendant employs fifty (50) or more persons for each working day during each of the 20 or more calendar workweeks in the current or preceding calendar year of Plaintiff's employment.

64. During the week of Plaintiff's health issues, Defendant employed fifty or more employees, working within 75 miles of the location where Plaintiff worked.

65. In January 2024, Plaintiff provided notice of unforeseeable FMLA leave to Samuel Davis.

66. Plaintiff provided notice of her unforeseeable need of FMLA leave the same day that the need for FMLA leave arose.

67. Defendant failed to provide Plaintiff with a Notice of Eligibility and Rights and Responsibilities form.

68. Defendant failed to provide Plaintiff with an FMLA Designation Notice form.

69. Defendant failed to provide Plaintiff with an FMLA Certification of Health Care Provider for Employee's Serious Health Condition form OR FMLA Certification of Health Care Provider for Family Member's Serious Health Condition form.

70. Defendant interfered with Plaintiff's FMLA rights by not allowing her to commence leave.

71. On March 15, 2024, Defendant terminated Plaintiff's employment without explanation.

72. Defendant's employees knew that Plaintiff suffered from FMLA qualifying conditions for which she needed treatment through her doctor.

73. Because of Defendant's interference with Plaintiff's rights under the FMLA, Plaintiff has been damaged, suffering loss of pay and benefits.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for the following relief:

A. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the Americans with Disabilities Act;

B. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of the Family and Medical Leave Act;

C. Enter an Order requiring the Defendant to make Plaintiff whole by awarding reinstatement to the position she would have had, had she not been terminated;

D. Award back pay, with employment benefits, front pay, liquidated damages; compensatory damages, special damages; punitive damages nominal damages;

E. Attorneys' fees and costs;

F. Plaintiff requests that the Court award Plaintiff equitable relief as provided by law; and,

G. Any different or additional relief as determined by the Court to which Plaintiff is entitled.

**JURY TRIAL DEMANDED**

*/s/ Porcha Anthony Davis*
Porcha Anthony Davis

**OF COUNSEL:**

The Workers' Firm
2 20th N. Street Suite 900
Birmingham, AL 35203
T: 205.329.6707 F: 205.564.9006
porcha@theworkersfirm.com

PLEASE SERVE DEFENDANT AS FOLLOWS

Hospitality Ventures Management - Mobile Hos, LLC
C/o Registered Agent Cogency Global Inc
2 N Jackson Street Suite 605
Montgomery, AL 36104