IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ROSHONDRA SMITH PAIGE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 25-00006-KD-MU |
| ) | |
| **HOSPITALITY VENTURES** ) | |
| **MANAGEMENT – MOBILE HOS, LLC,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

This action is before the Court on Plaintiff's Unopposed Motion to Stay Pending Arbitration. (Doc. 6).[1]

### I.    Background

In June 2022, Plaintiff Roshondra Smith Paige ("Paige") began working as a Front Desk Agent for Defendant Hospitality Ventures Management – Mobile Hos, LLC ("Hospitality Ventures"). (Doc. 1 at ¶ 8).[2] Paige suffers from Type I Diabetes, Gastroparesis, and Neuropathy, which are disabilities that substantially limit her life activities. (Id. at ¶ 9-10). Despite these disabilities, Paige claims she was able to perform the essential duties of her job. (Id. at ¶ 11). In August 2023, Paige received a promotion to Sales Coordinator. (Id. at ¶ 14).

---

[1] Paige states that Holiday Ventures was served on February 3, 2025. However, Paige has not filed proof of service with the Court as required by S.D. Ala. Civ LR 4(a)(1) ("Service by Summons. If service is completed by summons, the party or person making service shall file proof thereof within seven (7) days of the date of service."). Paige is **OREDERED** to file proof of service by **March 25, 2025.**

[2] All facts are from the Complaint (Doc.1) and should not be construed as findings of fact by the Court.

Approximately on December 24, 2023, Paige was unable to work for a week following a diagnosis of COVID-19. (Id. at ¶ 15). Two weeks after Paige recovered from COVID-19 and resumed work, her blood sugar dropped significantly in a short amount of time. (Id. at ¶ 17). This placed her in the ICU for three days. (Id. at ¶ 18). Paige resumed work after her release from the hospital. (Id. at ¶ 19). Two weeks later, Paige suffered another diabetes related health issue that placed her back in the ICU for two days. (Id. at ¶ 20-21). Paige returned to work the next day. (Id. at ¶ 22). Three weeks later, Paige suffered another diabetes related health issue. (Id. at ¶ 23).

When Paige returned to work, General Manager Samuel Davis and Assistant Manager Crystal Davis met with Paige and informed her that her hours were being reduced because of her recent diabetes related health issues. (Id. at ¶ 24-25). On or about March 15, 2024, Paige became ill again and requested the rest of the day off from Samuel Davis to which he approved. (Id. at ¶ 27-28). Approximately on this same date, Paige tried to view her schedule online and learned Hospitality Ventures had terminated her employment without giving a reason. (Id. at ¶ 30-31). Paige had no prior disciplinary actions against her. (Id. at ¶ 34). Paige was replaced at Hospitality Ventures by an individual who did not suffer from a disability. (Id. at ¶ 33).

Based on these facts, Paige filed a four count Complaint against Hospitality Ventures. Count One claims Hospitality Ventures failed to accommodate Paige under the American Disabilities Act ("ADA"). (Id. at ¶ 35-42). Count Two claims Hospitality Ventures discriminated against Paige under the ADA when her employment was terminated. (Id. at ¶ 43-53). Count Three claims Hospitality Ventures retaliated against Paige under the ADA. (Id. at ¶ 54-60). Count Four claims Hospitality Ventures interfered with Paige's ability to take leave under the Family Medical Leave Act. (Id. at ¶ 61-73).

## II.    Analysis

Paige filed an unopposed motion to stay proceedings pending arbitration. Paige states that Hospitality Ventures contends that Paige signed an arbitration agreement to arbitrate all claims against it.  She also states that Hospitality Ventures does not oppose this motion. By moving this Court to stay her action pending arbitration, Paige appears to concede that she signed an arbitration agreement and that the issues in this action are subject to arbitration. (Doc. 6).  Since Paige is the Plaintiff and is represented by counsel, the Court will forego an inquiry into whether a valid arbitration agreement exists, whether the claims are subject to arbitration under the agreement, and whether the arbitration agreement evidences a transaction affecting interstate commerce. See Hernandez v. Acosta Tractors, Inc., 898 F.3d 1301, 1304 (11th Cir. 2018) (finding that "[a]rbitration agreements contained in employment contracts are generally enforceable.").

As to Paige's motion to stay pending arbitration, "a district court [has] discretion to stay a case pending the resolution of related proceedings in another forum." Ortega Trujillo v. Conover & Co. Communications, Inc., 221 F. 3d 1262, 1264 (11th Cir. 2000). A stay that is "immoderate" may be construed as an abuse of discretion. Id. "In considering whether a stay is ' immoderate,' we examine both the scope of the stay (including its potential duration) and the reasons cited by the district court for the stay." Id.

Paige seeks a stay until the arbitration has concluded. However, stays for that duration – conclusion of other proceedings – have been considered indefinite. See Ortega Trujillo, 221 F. 3d at 1264 (a stay "until the Bahamian Courts conclude their review" is indefinite); CTI–Container Leasing Corp. v. Uiterwyk Corp., 685 F.2d 1284, 1286, 1288 (11th Cir.1982) (a stay "pending determination by the Iran–United States Claims Tribunal of its jurisdiction to hear these [third party] claims" is indefinite).  Further, district courts possess an inherent power to "'manage their

3

own affairs so as to achieve the orderly and expeditious disposition of cases'" to the extent that the response is reasonable to the problems or needs of the case. Dietz v. Bouldin., 579 U.S. 40 (2016) (citations omitted). Therefore, a limited stay for the parties to arbitrate is a reasonable response to this action brought pursuant to the ADA and FMLA.

### III. Conclusion

Upon consideration of the foregoing, the Court finds a limited stay is appropriate in this action. For the reasons set forth herein, Paige's Motion (Doc. 6) is **GRANTED**. Accordingly, this action is **STAYED until September 1, 2025**. **Paige shall, on or before June 30, 2025, file a joint report to advise the Court as to the status of the arbitration and continued necessity for a stay of this action.**

**DONE** and **ORDERED** this **18th day** of **March 2025.**

s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**